October 22, 1991

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

JOSE L. CASTRO, ) APPEAL NO. 89-020
 Plaintiff/Appellant, ) CIVIL ACTION NO. 88-580
 )
 vs. ) OPINION
 )
THOMAS B. CASTRO, )
 Defendant/Appellee. )
_____ )

Argued August 20, and September 3, 1991

Counsel for Plaintiff/Appellant: Juan T. Lizama
 P. O. Box 1508
 Saipan, MP 96950

Counsel for Defendant/Appellee: James S. Sirok
 P. O. Box 2145
 Saipan, MP 96950

BEFORE: BORJA, Justice, and HILLBLOM and CRUZ, Special Judges.

BORJA, Justice:

Jose L. Castro (hereafter Jose) raises on appeal the issue of whether the trial court correctly dismissed his case under Com.R.Civ.P. 41(b). The trial court found that Jose's attempt to set aside a part of a probate decree issued in December 1985, "failed to prove the essential elements of his claim."

## FACTS

Jose filed an action in 1988 to set aside part of a probate

335

decree, to wit: the distribution of Lot 007 B 09. The court in its probate decree distributed this lot to Thomas B. Castro (hereafter Thomas).

According to Jose, Lots 001 B 37 and 001 B 38 were originally part of Lot 007 B 11. Pursuant to a partida, Ramon De Castro designated Lot 007 B 11 to be George Castro's, the father of Jose.

In 1981, the government gave away Lots 001 B 37 and 38 (the briefs do not say how this occurred). The Marinas Public Land Corporation (MPLC) agreed to compensate the heirs of Ramon de Castro for the mistake by giving them Lot 007 B 09. Certain heirs of Ramon De Castro, including Jose, executed the Exchange of Deeds document that had MPLC conveying Lot 007 B 09 to the heirs of Ramon De Castro.

Jose and the other heirs of George Castro received Lots 007 B 11 and 12 as a result of the probate action. In the decree of final distribution, the trial court found that, "[l]egal notice to the heirs of the time, place, and date of the hearing of the Administrator's Petition for Final Distribution was made in the manner and for time [sic] required by law." Some heirs and successors in interest filed claims. But, other than these claims, the court found that "[n]o other person, heir, or creditor has filed any opposition or objection to the Petition for Final Distribution."

In the 1988 complaint, Jose alleged that Thomas had knowingly and fraudulently concealed the interest of Jose's father in the lot. Jose testified during trial that he was not aware of the

probate of the estate of Ramon De Castro. He claimed that he did not get notice of the probate proceeding. Two witnesses testified as to where George Castro's partida was located.

At the conclusion of Jose's presentation of his case, the trial court granted Thomas' Rule 41(b) motion and dismissed the case. The court reasoned that the Exchange of Deeds signed by Jose directly contradicts the argument that the land belonged to George Castro. Jose signed the document that said that the land belonged to the heirs of Ramon de Castro.

## ISSUE PRESENTED

The only issue to be decided is whether the trial court erred in dismissing Jose's case on the ground that he had failed to show a right to the relief requested.

## STANDARD OF REVIEW

 The Court disagrees with both parties' contentions that the applicable standard of review is abuse of discretion. As stated in 9 C. Wright and A. Miller Federal Practice and Procedure: Civil § 2376 (1971)

> A dismissal on this ground [Rule 41(b)] involves a determination of the merits, rather than an exercise of discretion by the trial court. The usual standards applicable to review of a judgment on the merits in a nonjury case are controlling. The conclusions of law are freely reviewable, although the findings of fact of the trial court cannot be set aside unless they are clearly erroneous.

(Footnotes omitted.) See also 27 Fed Proc, L Ed Pleadings and Motions § 62:520 (1984). Therefore, the trial court's conclusions

of law will be subject to de novo review. Its findings of fact will be subject to the clearly erroneous standard.

## ANALYSIS

Com.R.Civ.P. 41(b), in pertinent part, states that

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).

As stated in 27 Fed Proc, L Ed Pleadings and Motions § 62:519 (1984)

> When the defendant moves for a dismissal under FRCP 41(b) at the close of the plaintiff's case, the trial court, as the trier of fact, is required to determine whether the plaintiff has proven its claim. The court is not required to view the evidence in the light most favorable to the plaintiff, or make any special inferences in the plaintiff's favor, but rather must weigh and evaluate the evidence, resolve any conflicts in the evidence, and decide issues of credibility. The court may grant the motion for an involuntary dismissal if, from the record as it stands at the end of the plaintiff's case, the court is convinced that the plaintiff has not established his case by a preponderance of the evidence. The court is not required to deny an FRCP 41(b) motion to dismiss merely because the evidence, viewed in the light most favorable to the plaintiff, is sufficient to make out a prima facie case. In deciding whether the plaintiff has established its case by a preponderance of the evidence, the court considers all the evidence, whether

338

direct or circumstantial evidence, and whether such evidence was introduced on direct or cross-examination.

(Footnotes omitted.) See also 9 C. Wright and A. Miller Federal Practice and Procedure: Civil § 2371 (1971).

Paragraphs (8), (9), and (10) of Jose's complaint state as follows:

> (8) Defendant knew that Lot 001 B 37 and Lot 001 B 38 were originally part of what is known now as Lot 007 B 11 and that the same were part of the share of the estate to which Plaintiff's father, George C. Castro is entitled to receive from the estate of Ramon De Castro.
>
> (9) With the intent to deceive and defraud the heirs of George C. Castro and to deprive them of their share of the estate of Ramon De Castro, Defendant knowingly and fraudulently concealed to the Court the existence of the interest of George C. Castro in Lot 007 B 09 by virtue of the 1981 land exchange of Lot 001 B 37 and Lot 001 B 38.
>
> (10) No Notice of Hearing of the petition filed by Defendant for Letters of Administration was served upon Plaintiff and no waiver by Plaintiff in connection with the notice requirement was ever filed with the Court.

The complaint alleged in paragraph (5) the issuance on December 19, 1985, of a Decree of Final Distribution and Discharge of Administration. It did not attach a copy of such decree. However, during trial, the court said that it would take judicial notice of the decree. (Tr. 17.) Paragraph (7) alleged execution of the 1981 Exchange of Deeds and attached and incorporated a copy of such document. It was also admitted into evidence. (Tr. 9.) The complaint is entitled "Complaint for Quiet Title." During trial, the parties "stipulated that the distribution identified in 85-216

339

is substantially based on a partida of Ramon D. Castro." (Tr. 17.)

The trial court, in its Order of November, 15, 1989, stated that, "For the reasons stated on record during the trial this Court finds that Plaintiff has failed to prove the essential elements of his claim." The transcript of the record shows that the trial court saw the evidence that Lot 007 B 09 belonged to the heirs of Ramon De Castro. The trial judge concluded that nobody could alter the fact that the Exchange of Deeds said that the land belonged to the heirs of Ramon De Castro.

 Jose established that he did not receive notice of the probate proceeding.[1] In addition, a witness testified that the land Jose was seeking was originally distributed, pursuant to a partida, to Jose's father. Every attempt by Jose to get witnesses to testify as to where this land was located was objected to as hearsay and excluded.[2]

The court also considered Jose's argument that the heirs who signed the exchange deed held the land in trust for the benefit of the heirs of George Castro. The court said it had to weigh the

---

[1] We have held in Sablan v. Iginoef, No. 89-008 (N.M.I. June 6, 1990) that a mere lack of notice is insufficient to attack a determination of ownership. Neither is it sufficient to attack a probate decree. See also In re Estate of Teresa Mueilemar, Deceased, No. 90-020 (N.M.I. November 29, 1990).

[2] Jose assigns as error the exclusion of the testimony. The exclusion was not error since the evidence Jose wanted to establish, i.e., that the lot was designated by Ramon De Castro to be George's, was introduced through another witness. In addition, even if these testimonies were admitted, they would still not be sufficient to overcome the finding made by the probate court that the distribution was made in accordance with the "desires, actions and agreements of and among the heirs. . . ."

340

evidence. One piece of evidence says that George Castro received Lots 001 B 37 and 38 from his father, Ramon De Castro. But the Exchange of Deeds has Jose agreeing that the lots belong to the heirs of Ramon De Castro. In addition, the probate decree states that the distribution was made "consistent with the desires, actions and agreements of and among the heirs of Ramon De Castro, Deceased." These are contradictory evidence. The court had to decide which would prevail. (Tr. 51.)

The trial court listened and considered the argument of Jose regarding a trust. He listened to the evidence, weighed them, and then applied the law. He concluded that there was no trust involved.

There was evidence that Lots 001 B 37 and 38 was distributed by a partida to Jose's father. However, there was also evidence introduced, the Exchange of Deeds, that these lots belonged to the heirs of Ramon and not Jose's father. Furthermore, the probate decree stated that the distribution was made in accordance with the agreement of all the heirs.

The court weighed the evidence as presented by Jose, resolved conflicts, and decided for itself where the preponderance lies. These are what it was supposed to do under Com.R.Civ.P. 41(b). In effect, the trial court found that the lots were not distributed to Jose's father, George, pursuant to a partida.[3]

_____

[3]We disagree with the trial court that the fact that the Exchange of Deeds was signed by Jose was contradictory to the evidence that the land was given to George Castro under a partida. When the Exchange of Deeds was executed, it was legally correct that the land belonged to the heirs of Ramon De Castro. There had

Procedurally, the trial court failed to strictly follow the mandate of Rule 41(b) by not making findings as required by Rule 52(a). However, the transcript does indicate the finding of fact that it made. The trial court should ensure that it does comply with Rule 41(b) strictly in the future.

CONCLUSION

The dismissal by the trial court is AFFIRMED.

_____
Jesus C. Borja
Justice

_____
Larry L. Hillblom
Special Judge

_____
Benjamin J.F. Cruz
Special Judge

_____

been no determination then as to whom the land belonged. However, this error of law is harmless. There was no evidence introduced by Jose to overcome the statement in the probate decree that the heirs agreed to the distribution.